UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KIMBERLY MOONEYHAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:16 CV 118 ACL |
| TELECOMMUNICATIONS MANAGEMENT, LLC, D/B/A NEWWAVE COMMUNICATIONS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 7.)

**I.     Background**

This cause was originally filed in the Circuit Court of Scott County, Missouri, and was removed to this court pursuant to the Court's federal question jurisdiction. In Count I of the Complaint, Plaintiff alleges discrimination based on sex in violation of 42 U.S.C. 2000(e), Title VII of the Civil Rights Act of 1964. In Count II, Plaintiff reincorporates the allegations of Count I, but does not explicitly state any theory of liability.

Defendant moved to dismiss Count II on the basis that Plaintiff's claim for sex discrimination is solely viable pursuant to the Missouri Human Rights Act ("MHRA"), and Plaintiff did not comply with the filing requirements of the MHRA. Specifically, Defendant contends that Plaintiff did not file a Charge of Discrimination with the Missouri Commission on

1

Human Rights ("MCHR") within 180 days of the date of the alleged discrimination. Defendant argues that Plaintiff does not, therefore, have a viable cause of action under Missouri law.

Plaintiff has not filed a Response to Defendant's Motion to Dismiss. At the Rule 16 Conference held on August 2, 2016, Plaintiff's counsel indicated to the Court that he conceded to the dismissal of Count II.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content ... allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010)

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005)).

**III.     Discussion**

Under Missouri law, employment discrimination claims based on sex are governed by the MHRA. *See Noel v. AT&T Corp.*, 936 F. Supp.2d 1084, 1091 (E.D. Mo. 2013) (citing *Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 95-96 (Mo. banc 2010). The MHRA requires that a claimant exhaust administrative remedies by filing a charge of discrimination within 180 days after "the alleged act of discrimination." *See* Mo.Rev.Stat. § 213.075(1). Failure to satisfy this exhaustion requirement bars the claim. *Gipson v. KAS Snacktime Co.,* 83 F.3d 225 (8th Cir. 1996) (*quoting Hill v. John Chezik Imports,* 797 S.W.2d 528, 529 (Mo. App. 1990)).

Plaintiff alleges that she suffered acts of discrimination between May 2, 2014, and July 6, 2014. (Doc. 1-1 at 9.) It is undisputed that Plaintiff filed her Charge of Discrimination on February 11, 2015, 221 days following the last date of the alleged discrimination. *Id.* Consequently, her MHRA claim is time-barred, and Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7) is **granted**.

**IT IS FURTHER ORDERED** that Count II of Plaintiff's Complaint is **dismissed**.

/s/Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2016.